GOVERNMENT OF THE VIRGIN ISLANDS

v.

ALLAN HENSLEY ST. ANGE, Appellant

No. 71-1776

United States Court of Appeals

Third Circuit

Submitted at Charlotte Amalie, St. Thomas

January 27, 1972

Decided February 14, 1972

As Amended April 19, 1972

ALBERT A. SHEEN, ESQ., Christiansted, St. Croix, V.I., *for appellant*

JOEL D. SACKS, ESQ., United States Attorney, St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, ALDISERT and GIBBONS, *Circuit Judges*

OPINION OF THE COURT

PER CURIAM:

Appellant urges that a judgment of conviction of rape

in the first degree, 14 V.I.C. § 1701 (3), entered upon return of a jury's verdict, should be reversed because there was no competent corroborating evidence as required by 14 V.I.C. § 1706. He argues that a hospital report describing a smear of vaginal fluid as containing male sperm was hearsay and, therefore, inadmissible evidence. The report was introduced in the government's case during the testimony of Dr. Andre Galiber who testified that he examined the prosecutrix following the alleged attack:

> . . . I took a smear of the fluid within the vagina. I sent it to the laboratory and this was reported as containing sperm, which is the fluid that is passed by a male during the climax of intercourse.

He testified that the hospital's laboratory report was prepared by a board-certified pathologist.

The government justifies its introduction on the basis of 5 V.I.C. § 932:

> Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

> \* \* \*

> (13) *Business entries and the like.* Writings offered as memoranda or records of acts, conditions or events to prove the facts stated therein, if the judge finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness;

The National Commissioners on Uniform State Laws made the following comment on this exception:

> This rule embodies the substance of the Uniform Business Records as Evidence Act. The word "business" is defined in Rule 62 [section 931 of this title], and includes every kind of institution, making it clear that conduct for profit is not essential. Instead of prescribing as does Model Code Rule 514 that the memorandum must be made by the person having knowledge of the

act, event or condition or must be transmitted by such person in the course of the business for inclusion in the memorandum, the broader policy of the Uniform Act is adopted leaving it up to the judge to determine whether or not the sources of information, method and time of preparation reflect trustworthiness.

Revision Note, 5 V.I.C. § 932.

After appellant objected to its admission, the court made an independent inquiry of the witness concerning the entry. Thereafter, the court overruled the objection, satisfied that the "sources of information, method and time of preparation reflect[ed] trustworthiness." Under these circumstances, we are not persuaded that the court abused the broad discretion conferred upon it by the Code.

The judgment of conviction will be affirmed.